IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LONNIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-674-ECM-JTA |
| | ) | |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has been given leave to proceed *in forma pauperis*. (Doc. No. 6.) This matter is now before the court for screening of the *pro se* Complaint prior to service of process pursuant to 28 U.S.C. § 1915(e). (Doc. No. 3.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

## I. JURISDICTION AND VENUE

The basis of subject matter jurisdiction is not apparent from the face of the Complaint. The court finds sufficient allegations to support venue in the Middle District of Alabama.

## II. STANDARD OF REVIEW

A. Subject Matter Jurisdiction

"Federal courts are limited in their jurisdiction to the power conferred by the Constitution and federal statutes, and the party invoking the court's jurisdiction bears the

burden of proving the existence of federal jurisdiction." *Hallett v. Ohio*, 711 F. App'x 949, 950 (11th Cir. 2017) (citing *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000)). Three sources are available for establishing subject matter jurisdiction: "(1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Id.* (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)).

"[A] federal court 'ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Thompson v. Alabama*, 293 F. Supp. 3d 1313, 1328 (M.D. Ala. 2017) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). If the "court lacks subject matter jurisdiction, it has no power to render a judgment on the merits and should dismiss the complaint '*sua sponte* if necessary, pursuant to Fed. R. Civ. P. 12(h)(3).'" *Hallett*, 711 F. App'x at 950 (quoting *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003)).

B. Section 1915 Review

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

C. Construction of *Pro Se* Pleadings

Liberal construction is afforded to pro se pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350

F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard

than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the

leniency afforded the construction of pro se pleadings is not license for the court "'to serve

as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain

a cause of action.'" *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1

(M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10CV826-MHT,

2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of

Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on

other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "While the pleadings of pro se

litigants are liberally construed, they must still comply with procedural rules governing the

proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th

Cir. 2010) (internal citations and quotation marks omitted).

### III. ANALYSIS

On November 18, 2022, Plaintiff Lonnie Johnson, proceeding *pro* se, filed a

Complaint against the Alabama Department of Labor.[1] (Doc. No. 1.) The Complaint is a

two-page form specifically designed for *pro se* plaintiffs to allege constitutional claims

---

[1] Plaintiff does not specify whether the defendant is the United States Department of Labor or the
Alabama Department of Labor. Considering Plaintiff lists the defendant's address as 649 Monroe
Street in Montgomery, Alabama (Doc. No. 1. at ¶ 2), and the Alabama Department of Labor is
located at that address, the Court considers the Alabama Department of Labor to be the named
defendant.

4

under 42 U.S.C. § 1983. (*Id.*) In the form Complaint, Plaintiff does not cite a basis for the court's subject-matter jurisdiction nor state any specific claim against the defendant. Plaintiff alleges that his "civil rights" were violated on June 4, 2021, but he does not state any factual allegations which provide a basis for his claim. (*Id.* at ¶¶ 4, 5.) Plaintiff merely alleges that "he follow[ed] all [his] procedure but [he] still ha[s]n't heard anything or her [sic] anything concerned about this matter" and asserts that he seeks "unemployment benefits" as relief. (*Id.* at ¶¶ 5, 6.) Plaintiff does not state what "procedure[s]" he followed or what "this matter" is, although, from the requested relief in the form of employment benefits, the court suspects the controversy is somehow connected to Defendant's handling of a claim for unemployment benefits. He gives no indication of how his "civil rights" were violated or which civil rights are at issue in this case. *See Herring v. Fla. Dep't of Corr.*, No. 4:13CV68-RH/CAS, 2013 WL 3836264, at *1 (N.D. Fla. July 24, 2013) ("A pro se plaintiff is not expected to plead with the skill of a trained attorney. But even a pro se plaintiff must communicate" what it is he is complaining about.)

Though a *pro se* plaintiff's pleadings are construed liberally in his favor, a *pro se* plaintiff "must … comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs.*

5

*Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). Further, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). These rules work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (internal quotations and citation omitted). Plaintiff's Complaint, however, is too sparse to place the court or Defendant on notice of the substance of Plaintiff's claim or the factual basis on which that claim rests.

On January 5, 2023, upon thorough review of Plaintiff's Complaint, the court found that the Complaint

> contains several deficiencies and is devoid of sufficient facts. Specifically, Plaintiff's Complaint does not allege a cause of action or count against the defendant, nor provide a basis for federal jurisdiction. In other words, Plaintiff's Complaint lacks the requisite factual specificity and leaves the court to guess what exactly he is claiming, why he is asserting the claim against the named defendant, and how the facts represent a violation of federal or state law.

(Doc. No. 7 at 3.)

While mindful of Plaintiff's *pro se* status and the Court's duty to construe his pleadings liberally, the Court noted that "*pro se* litigants still must comply with the Federal Rules of Civil Procedure." (*Id.* (citing *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009)). The court also noted that "courts in the Eleventh Circuit routinely instruct *pro se* litigants to correct their pleadings by filing an amended complaint

6

that complies with the Federal Rules of Civil Procedure." (*Id.* (citing *Johnson v. Georgia.*, 661 F. App'x 578 (11th Cir. 2016); *Giles*, 359 F. App'x at 92–93; *Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001))). Accordingly, the court ordered that

> on or before January 20, 2023, Plaintiff shall file an amended complaint that complies with the Federal Rules of Civil Procedure and the following requirements of this Order, including:
>
> 1.   The amended complaint must include the names of the individuals who were personally responsible for the actions about which Plaintiff complains.
>
> 2.   The amended complaint must allege a basis for federal jurisdiction.
>
> 3.   The amended complaint must include in the body: (a) simple, clear and concise allegations of fact showing that Plaintiff is entitled to relief, (b) background information and context necessary to understand the nature and legal significance of the facts he has presented, and (c) causes of action set forth in separate counts of the complaint.
>
> 4.   The amended complaint must clearly and specifically identify in each count the defendant's alleged acts or omissions in a manner sufficient for the defendant to know: (a) how it is alleged to be liable for the claim and (b) the factual and legal grounds upon which the claim stands.

(*Id.* at 3-4.)

The court further advised Plaintiff "that the amended complaint will supersede the initial complaint. Thus, the court will consider only those claims set forth in the amended complaint and the defendant(s) named in the amended complaint." (*Id.* at 4 (emphasis omitted).) The court cautioned Plaintiff "that in filing the amended complaint he must comply with the directives of this Order and, if he fails to do so, the Magistrate Judge may

recommend that this case be dismissed without prejudice for his failure to comply with this order and failure to prosecute." (*Id.*)

As previously noted (*id.*), the original Complaint (Doc. No. 1) fails to allege a basis of jurisdiction or facts from which subject matter jurisdiction can be determined and fails to state a claim upon which relief can be granted. Though Plaintiff was notified of these deficiencies on January 5, 2023, and ordered to file an amended complaint, he has not filed an amended complaint. He has filed nothing at all since entry of the January 5, 2023 Order. This case cannot proceed without his involvement and without an amended complaint indicating the substance of Plaintiff's claim against Defendant.

Accordingly, the Complaint is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to comply with the court's order to amend the Complaint to establish a basis for subject matter jurisdiction and to meet the pleading requirements of the Federal Rules of Civil Procedure, and for failure to prosecute. *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015) ("Even a pro se litigant is required to comply with the rules of procedure." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) ("Even a pro se litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so.").

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed without prejudice.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **March 9, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of February, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE